FILED
5/2/2018 12:31 PM
Donna G. Brown
District Clerk
Liberty County, TX
Destiny Hinton

CAUSE NO. CV1813288

| | | |
|---|---|---|
| ERIN REYNOLDS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | LIBERTY COUNTY, TEXAS |
| BLANN TRACTOR COMPANY INC | § | |
| AND RUSSELL NEAL | § | 75TH JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, ERIN REYNOLDS ("Plaintiff"), complaining of BLANN TRACTOR COMPANY INC, ("Defendant COMPANY"), and RUSSELL NEAL ("Defendant NEAL") (collectively as "Defendants"), and for cause of action would respectfully show:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff is a resident of Maricopa County, Arizona. The last three numbers of Plaintiff's Arizona driver's license are 516, and the last three numbers of her social security number are 628.

Defendant, BLANN TRACTOR COMPANY INC, is a foreign corporation. As such, it is a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on the Defendant, BLANN TRACTOR COMPANY INC, the Plaintiff pleads and will prove the following:

    a. Defendant, BLANN TRACTOR COMPANY INC, committed a tort in whole

Plaintiff's Original Petition and Requests for Disclosure
- 1 -

or in part in this state. As such, Defendant, BLANN TRACTOR COMPANY INC, was doing business in this state, as that term is defined and understood under §17.042 of the Texas Civil Practice and Remedies Code;

b. At the time of the institution of this litigation, Defendant, BLANN TRACTOR COMPANY INC, was a foreign corporation, and as such, is a "non-resident" as that term is defined and understood under § 17.041 of the Texas Civil Practice and Remedies Code; and

c. At all times material hereto, Defendant, BLANN TRACTOR COMPANY INC, engaged in business in this state, but does not maintain a regular place of business in this state and has not designated or maintained a registered agent for service of process in this state.

Accordingly, pursuant to §17.044 of the Texas Civil Practice and Remedies Code, the Secretary of State of the State of Texas is the agent for service of process on the Defendant, BLANN TRACTOR COMPANY INC, and service on the Defendant, BLANN TRACTOR COMPANY INC, may be obtained by serving the Secretary of State of the State of Texas at: <u>1019 Brazos Street, Austin, Texas, 78701 in Travis County</u>.

Notice to Defendant, BLANN TRACTOR COMPANY INC, of service of process on the Secretary of State may be made, pursuant to §17.045 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process or notice by registered mail or certified mail, return receipt requested to the home office of Defendant, BLANN TRACTOR COMPANY INC, at <u>1536 E US 278, Hampton, Arkansas 71744</u>.

Defendant, RUSSELL NEAL, is a "non-resident" individual as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code. Accordingly, for purpose of securing service of process on the Defendant, RUSSELL NEAL, the Plaintiff pleads and will prove the following:

a. Defendant, RUSSELL NEAL, was the operator of a vehicle involved in an automobile accident on September 1, 2016 in this state; and

**Plaintiff's Original Petition and Requests for Disclosure**
- 2 -

b. At the time of the institution of this litigation, Defendant, RUSSELL NEAL, was a "non-resident" as that term is defined and understood under §17.041 of the Texas Civil Practice and Remedies Code.

Accordingly, pursuant to §17.062 of the Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for service of process on Defendant, RUSSELL NEAL, and service on Defendant, RUSSELL NEAL, may be obtained by serving the Chair of the Texas Transportation Commission at: 125 East 11th Street, Austin, Texas, 78701 in Travis County.

Notice to Defendant, RUSSELL NEAL, of service of process on the Chair of the Texas Transportation Commission may be made, pursuant to §17.063 of the Texas Civil Practice and Remedies Code, by mailing a copy of the process and notice that the process has been served on the Chair by registered mail or certified mail, return receipt requested to Defendant, RUSSELL NEAL, at: 1406 Davis Ave., Hope, Arkansas 71801.

This incident occurred in Liberty County, Texas.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.

This Court has jurisdiction and venue is proper in Liberty County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Liberty County, Texas.

### IV.

On or about September 1, 2016, Plaintiff was traveling northbound on S. Hwy. 59 in Liberty County, Texas, when suddenly and without warning, Defendant NEAL, changed lanes

when unsafe and collided with Plaintiff's vehicle. Based on information and belief, at all times material to this lawsuit, Defendant NEAL was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with Defendant COMPANY. As a result of the incident, Plaintiff sustained serious personal injuries.

V.

On the occasion in question, Defendant NEAL, violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

(a) in failing to keep a proper lookout;
(b) in failing to apply or timely apply the brakes;
(c) in changing lanes when unsafe;
(d) in failing to maintain an assured clear distance between his vehicle and Plaintiff's vehicle;
(e) in striking Plaintiff's vehicle;
(f) in failing to maintain control of his vehicle; and
(g) in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

VI.

Defendant COMPANY and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant NEAL, so as to provide for safe operation of a truck

**Plaintiff's Original Petition and Requests for Disclosure**
- 4 -

     such as the one involved in the occurrence in question;

(b)  In hiring, employing, and/or retaining drivers, specifically including Defendant NEAL, who lacked proper screening, testing, training and qualifications so as to provide for safe operation of truck such as the one involved in the occurrence in question;

(c)  In failing to properly train and supervise drivers, specifically including Defendant NEAL, so as to provide for safe operation of truck such as the one involved in the occurrence in question; and

(d)  In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate trucks such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for Defendant COMPANY, including but not limited to Defendant NEAL, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant COMPANY. Thus, Defendant COMPANY is vicariously liable for the acts and/or omissions of Defendant NEAL under the doctrine of respondeat superior.

## VII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of Defendant NEAL were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

## VIII.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which she is legally entitled to

recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage earning capacity, past and future; and
6. Pre-judgment interest and costs of Court.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## X.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendants to Plaintiff in response to written discovery will be used against Defendants at any pretrial proceeding or at trial.

## XI.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon trial hereof, Plaintiff has judgment of the Court against such Defendants in a total amount of money substantially in excess of the minimum jurisdictional

limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**THE CRIM LAW FIRM, P.C.**

/s/: *Wade D. Moriarty*

Wade D. Moriarty
Texas Bar No. 00789503
4900 Travis St.
Houston, Texas 77002
(713)-807-7800 Telephone
(713)-807-8434 Facsimile
Wade@TheCrimLawFirm.com

**ATTORNEY FOR PLAINTIFF
ERIN REYNOLDS**